WICKER, J.
dissenting in part with reasons.
hi agree with the majority to affirm the convictions. However, I respectfully dissent from that portion of the majority opinion affirming the sentences. In my view, there is a mathematical calculation error in the amount of court fines, fees, court costs, and other special fines as outlined in the conditions of probation. Thus, I would vacate the sentences and remand for the sole purpose of instructing the trial judge to clarify the correct amount owed by the defendant as a condition of probation.
*155 The trial judge imposed the sentences to run concurrently with each other. She imposed one probation term for concurrent sentences on two counts. One fine of $300 was imposed as a condition of probation. Therefore, it appears that in light of con-cui’rent sentences, there is only one fíne as a condition of probation.
The trial judge also ordered that the defendant would be responsible for all the fines and fees set forth on the conditions of probation form. The conditions of probation form provides for the following: (1) $720.50 (court costs, fine, juror assessment, and Crimestoppers fee) payable to the Sheriff. (2) a Commissioners’ fee of $100 to be scheduled for payment with the collections officer in the courthouse; (3) a minimum probation supervision fee of $55 per month to the Department of Probation and Parole plus an additional five dollar assessment.
| gin addition to the conditions of probation form, the record also contains a document in which the defendant apparently acknowledged that he understood he owed the 24th Judicial District Court fines, fees, court costs, and other special fines as outlined in the conditions of probation and as instructed by the judge in the amount of $830.50. There is a discrepancy between that amount and the fines, fees, and court costs reflected on the conditions of probation form. Thus, the payment form conflicts with the court’s oral pronouncement that the conditions of probation form governed.
Although the trial judge referred to the conditions of probation form in imposing sentencing, the better practice is to announce in open court the probation conditions so that the defendant actually hears these from the trial judge in order that he understand and comply with them.
In this case, because there is a discrepancy between the conditions of probation form and the payment schedule, I believe that a remand is required to resolve the conflict between the payment schedule and the trial judge’s oral pronouncement. There is no indication that the trial judge ordered the total amount reflected on the payment schedule.